**Herminio Flores SANCHEZ; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73838.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

Herminio Flores Sanchez, Los Angeles, CA, pro se.

Maria De Las Nieves Mendoza Flores, Los Angeles, CA, pro se.

Emma Flores Mendoza, Los Angeles, CA, pro se.

Diana Flores Mendoza, Los Angeles, CA, pro se.

Jesse Lloyd Busen, Trial, Aviva Poczter, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order de-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying petitioners' second motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioners' second motion to reopen exceeded the numerical limitations on motions to reopen and was filed beyond the 90–day deadline. Because petitioners have not contended that any exceptions to the time and number limit apply, the BIA did not abuse its discretion in denying petitioners' untimely second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

■ Respondent's unopposed motion to dismiss in part is granted because this court lacks jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte. See Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED, in part; DISMISSED, in part.**